IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs March 13, 2002

## COREY L. MALONE v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Davidson County**
**No. 97-A-69     J. Randall Wyatt, Jr., Judge**

---

**No. M2001-02133-CCA-R3-PC - Filed March 22, 2002**

---

The petitioner originally pled guilty, pursuant to a negotiated plea agreement, to second degree murder and especially aggravated robbery for an effective sentence of twenty years. The petitioner filed a post-conviction relief petition, which was denied by the post-conviction court. In this appeal, the petitioner contends (1) he received ineffective assistance of counsel, and (2) his guilty pleas were unknowingly and involuntarily entered. After review, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOE G. RILEY, J., delivered the opinion of the court, in which THOMAS T. WOODALL and JOHN EVERETT WILLIAMS, JJ., joined.

Mike Anderson, Nashville, Tennessee, for the appellant, Corey L. Malone.

Paul G. Summers, Attorney General and Reporter; Kathy D. Aslinger, Assistant Attorney General; Victor S. (Torry) Johnson, III, District Attorney General; and Kymberly Haas, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### POST-CONVICTION HEARING TESTIMONY

Trial counsel testified she represented the petitioner at a trial which resulted in a hung jury. She continued representing the petitioner as they prepared for retrial. After negotiations, the petitioner entered a plea of guilty to second degree murder and especially aggravated robbery for agreed concurrent sentences of twenty years to be served at one hundred percent. She stated she was aware petitioner had suffered from depression and cocaine abuse and had been hospitalized during the pendency of his case; she secured a psychological examination; and the petitioner had been prescribed Prozac, though he did not appear to take it regularly. She explained, however, she believed the petitioner was competent, sane, and fully aware of the details of the plea agreement.

She further explained the psychological examination was sought in an attempt to establish "that his IQ was such that we could use that as an explanation for his [inculpatory] statement to the police," not to establish he was incompetent or insane.

The petitioner testified he informed trial counsel he was suffering from depression. He further stated that although he was taking Prozac, he was not allowed to take it while in custody prior to the plea acceptance hearing because jail officials did not have a doctor's statement. The petitioner stated the Prozac would give him "a balance," and without it, he was in "a depressed mode all the time," giving him "a sense of just like I didn't care, you know."

On cross-examination, the petitioner conceded his trial counsel advised him the plea was for "twenty years at one hundred percent," and he knew at the time of the plea acceptance hearing that he was pleading guilty and receiving an effective sentence of twenty years. However, he stated he "just didn't understand that [he] might have to serve a hundred percent of [his] sentence."

The transcript of the guilty plea hearing reveals that both the prosecutor, when announcing the plea, and the trial court, when advising the petitioner about the sentence, expressly stated the twenty-year sentence was "at one hundred percent."

## I. INEFFECTIVE ASSISTANCE OF COUNSEL

The petitioner contends he received ineffective assistance of counsel. We disagree.

## A. Standard of Review

This court reviews a claim of ineffective assistance of counsel under the standards of Baxter v. Rose, 523 S.W.2d 930 (Tenn. 1975), and Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). The petitioner has the burden to prove that (1) the attorney's performance was deficient, and (2) the deficient performance resulted in prejudice to the defendant so as to deprive him of a fair trial. Strickland, 466 U.S. at 687, 104 S. Ct. at 2064; Goad v. State, 938 S.W.2d 363, 369 (Tenn. 1996); Butler v. State, 789 S.W.2d 898, 899 (Tenn. 1990). In Hill v. Lockhart, 474 U.S. 52, 106 S. Ct. 366, 88 L. Ed. 2d 203 (1985), the Supreme Court applied the two-part Strickland standard to ineffective assistance of counsel claims arising out of a guilty plea. The Court in Hill modified the prejudice requirement by requiring a petitioner to show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. 474 U.S. at 59, 106 S. Ct. at 370; Hicks v. State, 983 S.W.2d 240, 246 (Tenn. Crim. App. 1998).

The trial judge's findings of fact on post-conviction hearings are conclusive on appeal unless the evidence preponderates otherwise. State v. Burns, 6 S.W.3d 453, 461 (Tenn. 1999). This court may not reweigh or reevaluate the evidence, nor substitute its inferences for those drawn by the trial judge. State v. Honeycutt, 54 S.W.3d 762, 766 (Tenn. 2001). Questions concerning the credibility

of witnesses and the weight and value to be given to their testimony are resolved by the trial court, not this court.  Burns, 6 S.W.3d at 461.

## B. Analysis

Trial counsel testified she discussed details of the plea agreement with the petitioner prior to the hearing, and she informed him he would serve a minimum of seventeen years, which is eighty-five percent of twenty years.  *See* Tenn. Code Ann. § 40-35-501(i).  She further stated she had no difficulty communicating with him; he was competent to enter the plea; and he was "crystal clear" the minimum sentence he would serve was seventeen years. The petitioner conceded he had "several discussions" with trial counsel  prior to the plea hearing concerning the details of the negotiated plea and was told by counsel that the plea was twenty years at one hundred percent.

The trial court entered detailed written findings of fact which expressly accredited the testimony of trial counsel and found no deficiency in trial counsel's performance. The evidence does not preponderate against these findings.  This issue is without merit.

## II.  VOLUNTARINESS OF PLEA

The petitioner contends his plea was not entered knowingly or voluntarily.  We disagree.

## A.  Standard of Review

The United States Supreme Court in Boykin v. Alabama, 395 U.S. 238, 243, 89 S. Ct. 1709, 1713, 23 L. Ed. 2d 274 (1969), noted that a guilty plea must be knowing and voluntary.  To ensure that guilty pleas are entered "knowingly and intelligently," Boykin instructs the trial court to discuss with the accused the consequences of the decision.  *Id*. at 244, 89 S. Ct. at 1712.  Tennessee has likewise recognized the requirement of a knowing and voluntary guilty plea.  *See* State v. Mackey, 553 S.W.2d 337, 340 (Tenn. 1977).

## B.  Analysis

Although the petitioner contends he was unable to understand the effective length of his sentence, he conceded that trial counsel and the trial judge informed him he was to serve twenty years at one hundred percent. The petitioner, however, explained he did not understand the meaning of one hundred percent because he only finished the eighth grade.  He said he erroneously told the trial court he understood the sentence length because he was in a state of depression.

In its findings, the trial court concluded "the petitioner understood his rights and the terms of the agreement, and he knowingly, voluntarily, and intelligently chose to forego . . . another jury trial and plead guilty under the agreed terms."  The evidence does not preponderate against these findings.  This issue is without merit.

Based on the foregoing, we affirm the judgment of the trial court.

_____
JOE G. RILEY, JUDGE